USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 97-1122 MARK S. IZEN, Plaintiff - Appellee, v. TOSHIBA AMERICA CONSUMER PRODUCTS, INC., Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. W. Arthur Garrity, Jr., Senior U.S. District Judge] __________________________ ____________________ Before Boudin, Circuit Judge, _____________ Hill,* Senior Circuit Judge, ____________________ and Pollak,** Senior District Judge. _____________________ _____________________ John A. Ridley, with whom Richard S. Zackin and Crummy, Del ______________ _________________ ___________ Deo, Dolan, Griffinger & Vecchione were on brief for appellant. __________________________________ John D. Deacon, Jr. for appellee. ___________________ ____________________ November 21, 1997 ____________________  ____________________ * Of the Eleventh Circuit, sitting by designation. ** Of the Eastern District of Pennsylvania, sitting by designation. Per Curiam. A jury awarded Mark Izen both compensatory Per Curiam. __________ and punitive damages on his claim of retaliatory discharge in this diversity case brought pursuant to Massachusetts General Laws, ch. 151B 4. Toshiba American Consumer Products, Inc., defendant below, appeals this verdict. Because we find that the district court, in granting Izen's 50(a) motion, erroneously found as a matter of law -- and instructed the jury -- that Izen was discharged and did not resign, we reverse and remand for a new trial. I. Mark Izen worked for Toshiba managing sales accounts in Boston and reported to the New England Regional Manager, James Donahue. Izen claims that, during the time he worked for Toshiba, Donahue expressed antisemitic bias which materially affected Izen's working conditions. After receiving a poor evaluation from Donahue in April of 1992 -- an evaluation which recommended that Izen be demoted -- Izen consulted an attorney and began pursuing his complaint of discrimination through Toshiba's internal dispute resolution program. Izen claims that, shortly after he brought Donahue's behavior to the attention of Toshiba's management, Donahue called Izen into his office and yelled at him. Izen also alleges that, during May and June of 1992, Donahue harassed him through phone calls, conferences, and memoranda and intentionally did not invite Izen to a quarterly sales meeting. -2- The Toshiba dispute resolution program began with a hearing in front of David Baesler, Donahue's supervisor. Both Donahue and Izen presented their sides of the conflict and Baesler issued a written decision, in which he concluded that Izen had not been discriminated against but that communication between Donahue and Izen was poor. Baesler assured Izen that he would intervene if future conflicts arose and that he would monitor the work relationship with Donahue through monthly meetings. After Baesler's decision issued, Izen wrote a letter to Baesler and Toshiba's senior management expressing his disagreement with Baesler's decision but reaffirming his commitment to the company. On June 17, 1992, Robert Valentine, representing Toshiba's personnel department, and John Anderson, representing Toshiba's legal department, sent a letter signed by Valentine to Izen informing him that if he did not appeal Baesler's decision, Toshiba would consider the matter resolved. On July 1, Izen's attorney, John Deacon, responded with a letter complaining of Donahue's continuing retaliation, characterizing Valentine's letter as a ratification of Donahue's retaliatory actions, and stating that: As a result of Mr. Donahue's misconduct, and the company's refusal to correct it, Mark Izen's employment conditions have become intolerable and constitute a constructive termination. All remedies available by law will be pursued. On July 8, Anderson responded to Deacon's letter, stating in part: -3- I am sincerely sorry that Mark has decided to leave the company. I am also disappointed that he has elected not to try to resolve his problem within the Company. I believe that Toshiba's effort to resolve the matter was genuine and sincere. Anderson concluded his letter by informing Deacon that Izen should get in touch with Valentine to make arrangements concerning his final check. Deacon responded on July 10, disputing Anderson's assertion that Izen had resigned, reasserting his claim that Toshiba had endorsed Donahue's actions, and further stating that: If the Company wishes to retract its termination of Mark's employment and to retract its endorsement of Mr. Donahue's discriminatory mistreatment, please contact me in writing by July 15. Otherwise, I will have Mark follow your instruction to make arrangements with Mr. Valentine for his final check. Anderson wrote Deacon back on July 17, stating that Deacon's last letter made it "crystal clear that Mr. Izen claims to be unable to do his job under what he perceives to be intolerable conditions" and affirming that the separation process should be concluded. Izen was paid through July 22 and left on that date. Izen then brought this action, claiming that Toshiba discriminated against him because of his Jewish religion, origin, and ancestry, and that, when he reported that violation, Toshiba retaliated and ultimately discharged him, all in violation of Mass. Gen. Laws Ann. ch. 151B 4.1 Izen's claims went before a  ____________________ 1 Section 4 provides in relevant part that: It shall be an unlawful practice: -4- jury and, at the close of all the evidence, Izen moved pursuant to Fed. R. Civ. P. 50(a) for the district court to find that he was terminated and did not resign. The district court granted Izen's motion and, accordingly, instructed the jury that on the retaliatory discharge claim the jury was to determine only whether Izen was terminated in retaliation for his complaints of discrimination. The jury was also instructed on Izen's claim of discrimination. The jury found that Toshiba had not discriminated against Izen but that retaliation was the cause of Izen's termination; based on its finding of retaliatory discharge the jury awarded Izen $36,680 for economic loss and $150,000 in punitive damages. Post-trial, the district court awarded Izen $120,337 in attorney's fees and denied Toshiba's motion for judgment as a matter of law on the claim of retaliatory discharge.  In this appeal, Toshiba claims that the district court erred in not allowing the jury to consider whether Izen resigned  ____________________ 1) For an employer, by himself or his agent, because of the . . . religious creed . . . of any individual to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment . . . .  . . . . 4) For any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under this chapter . . . .  -5- or was terminated. Toshiba also claims that: 1) the trial court erred in limiting Anderson's testimony as to his motives for writing the letters to Deacon; and 2) the award of punitive damages and attorneys' fees was improper. Because we find, for the reasons given in part II of this opinion, that a jury could reasonably have concluded that Izen resigned, and that therefore the district court erred in taking that question from the jury, we reverse the judgment of the district court and remand for a new trial on Izen's claim of retaliatory discharge. In light of reversal on this ground, we find it unnecessary to reach any of the other errors urged by Toshiba. II. Judgment as a matter of law may be granted only if the evidence viewed from the perspective most favorable to the non- movant is so one-sided that the movant is plainly entitled to judgment, for reasonable minds could not differ as to the outcome. Gibson v. City of Cranston, 37 F.3d 731 (1st Cir. ______ __________________ 1994). We review a grant of judgment as a matter of law de novo. __ ____ CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 46 F.3d _______________ _____________________________________ 1211, 1214 (1st Cir. 1995).  The district court found that no jury could infer from the letters exchanged in June and July of 1992 that Izen had resigned and, therefore, the district court determined as a matter of law that Toshiba terminated Izen. In so finding, the district court stated that, even if Anderson's letter of July 8 was motivated by a sincere belief that Izen had resigned ("I am -6- sincerely sorry that Mark has decided to leave the company"), Deacon's July 10 letter should have disabused Anderson of that notion ("If the company wishes to retract its termination of Mark's employment . . . ").  The district court's result would be sound if Deacon's July 10 letter maintained only that Izen had not resigned. However, that letter appeared to lay out conditions for Izen's continuing his employment with Toshiba. Specifically, Deacon stated that Anderson should write to him by July 15 if Toshiba wanted "to retract its termination of Mark's employment and to retract its endorsement of Mr. Donahue's discriminatory mistreatment," and that "[o]therwise, I will have Mark follow your instruction to make arrangements with Mr. Valentine for his final check." Given Toshiba's basic position -- that there had been no "termination" or "discriminatory mistreatment" of Izen and that Toshiba's actions in no way constituted an "endorsement" of such alleged "mistreatment" -- Toshiba clearly could not satisfy Izen's request. A jury could reasonably have found that Izen's conditions for his return implied that he had already left the company, whether through resignation, termination, or constructive discharge. For this reason, we conclude that the district court erred in granting judgment as a matter of law on the question of whether Izen was terminated and charging the jury in accordance with that Rule 50(a) determination. Therefore, the jury verdict and the judgment in Izen's favor based on that -7- verdict cannot be sustained. In consequence, we reverse and remand for a new trial on Izen's claim of retaliatory discharge. Toshiba argues that this court should grant its motion for judgment as a matter of law and find that Izen was not constructively discharged. The district court denied Toshiba's motion because it ruled that Izen was terminated, thus mooting the question of whether a reasonable person in his position would feel compelled to resign. Now that we have ruled that the district court's Rule 50(a) determination was erroneous, whether Izen has put forth sufficient proof of constructive discharge to go to the jury is once again a live question. However, we decline to reach that question because the district court will be able to address it on remand. III. For the foregoing reasons, the judgment of the district court is reversed and this case remanded for further proceedings reversed remanded consistent with this opinion. -8-